BILLINGSLEY and another, Respondents, vs. HARRIS and another, Appellants.

*February 4 — February 24, 1891.*

*Attachment: Bond for discharge of property: Estoppel.*

1. Parties who sign an undertaking for the discharge of property seized by virtue of an attachment are estopped, in an action thereon, to deny the regularity of the attachment.

2. Such an undertaking by which the signers promise, in the sum of $1,000, that if plaintiffs recover judgment in the attachment suit, they will pay the amount thereof, together with all costs that may be recovered in the action, not exceeding the sum of $250, binds them to pay the whole judgment, if not exceeding $1,000, and the limitation of $250 applies only to the costs.

APPEAL from the Circuit Court for *Pierce* County.

The case is sufficiently stated in the opinion. It was submitted upon briefs for the respective parties.

For the appellants, *Smith & Vannatta* took the position that the attachment was void, because issued in an action *ex delicto*, against a resident defendant, and that the bond was not voluntary, but *in invitum* compulsory, and fell with the attachment, citing sec. 3731, R. S.; 1 Am. Encycl. 895; *Philpot v. Newman*, 11 Neb. 299; *Read v. Beach*, 2 Pin. 27; *Elliott v. Jackson*, 3 Wis. 654; Waples, Attachm. 73, 408; *Goodyear Rubber Co. v. Knapp*, 61 Wis. 104; *Homan v. Brinkerhoff*, 1 Denio, 184; *Vose v. Cockcroft*, 44 N. Y. 420; *Shevlin v. Whelen*, 41 Wis. 93; *Cadwell v. Colgate*, 7 Barb. 253. They also claimed that the total liability assumed by the defendants was not to exceed $250.

For the respondents, *A. Combacker* and *R. H. Start* contended that the defendants, by the execution of the undertaking, were estopped from disputing the validity of the attachment. *Inman v. Strattan*, 4 Bush, 445; *Hazelrigg v. Donaldson*, 2 Met. (Ky.), 445; 2 Wait, Pr. 190; *Delaney v.*

*Brett*, 1 Abb. Pr. (N. S.), 421; *S. C.* 4 Rob. (N. Y.), 712; Drake, Attachm. § 519; *Cruyt v. Phillips*, 16 How. Pr. 120; *Dunn v. Crocker*, 22 Ind. 324; Drake, Attachm. (6th ed.), § 318, note 3; *New Haven L. Co. v. Raymond*, 76 Iowa, 225; *Coleman v. Bean*, 32 How. Pr. 370; 42 N. Y. 94, affirming 14 Abb. Pr. 38; *Onderdonk v. Voorhis*, 2 Rob. (N. Y.), 24; *Bildersee v. Aden*, 62 Barb. 175; *McMillan v. Dana*, 18 Cal. 339; *Bacon v. Daniels*, 116 Mass. 474; *Birdsall v. Wheeler*, 58 Conn. 429; *Gardner v. Donnelly*, 86 Cal. 367; 1 Am. & Eng. Ency. of Law, 924, and cases cited; *Barnes v. Webster*, 16 Mo. 258; *Wright v. Keyes*, 103 Pa. St. 567; *Ferguson v. Glidewell*, 48 Ark. 195; *Haggart v. Morgan*, 5 N. Y. 422; *Payne v. Snell*, 3 Mo. 409; *Paddock v. Matthews*, 3 Mich. 18; *Kennedy v. Morrison*, 31 Tex. 207; *Endress v. Ent*, 18 Kan. 236; *People v. Cameron*, 7 Ill. 468; *Bunneman v. Wagner*, 16 Oregon, 433; *Central Mills Co. v. Stewart*, 133 Mass. 462; *Kelly v. McCormick*, 28 N. Y. 322; *Cunningham v. Jacobs*, 120 Ind. 306; *Fox v. Mackenzie* (N. D.), 47 N. W. Rep. 386; *Carpenter v. Turrell*, 100 Mass. 450; *Hill v. Harding*, 93 Ill. 80; *Love v. Rockwell*, 1 Wis. 382.

COLE, C. J. This is an action brought on an undertaking given under sec. 2742, R. S., in an attachment suit. The undertaking recites that it was given in order that the attached property might be released from the attachment, and be delivered to the defendant in the attachment, who desires to retain it. This was the object and purpose of executing the undertaking. It is not denied but that the property was discharged from the attachment on the delivery of the undertaking to the sheriff, who then delivered the attached property, held by him under his writ, to Goggin, the defendant in the attachment. The defendants, in their answer, admitted the issuing of the writ of attachment, as in the complaint alleged, and also admitted the

giving of the undertaking on which the action is brought, but, in avoidance of their obligation, aver that Goggin was a resident of this state, to the knowledge of the plaintiffs, and that the writ of attachment was issued in an action *ex delicto*, and not in an action founded on contract. The affidavit for the attachment is also made a part of the answer. In that, one of the plaintiffs states that Goggin was indebted to his firm in a specified sum, and that the same was due on an implied contract. The trial court gave judgment on the pleadings for the amount claimed in the complaint.

There is no bill of exceptions, and it does not appear that any evidence was introduced by either party on the trial. The counsel on both sides have argued the case on the assumption that it appeared that Goggin, in the attachment suit, was charged with having converted to his use certain property belonging to the plaintiffs. No such fact, however, is shown by the record, but, if it were true, the plaintiffs might waive the tort and sue in *assumpsit* for the value of the property. It has often been decided by this court that where money is held and converted, or property has been wrongfully appropriated and sold, an action for money had and received will lie by the owner to recover it. *Western Ass. Co. v. Towle*, 65 Wis. 248. True, the attachment law is generally supposed to refer to claims founded upon contract, express or implied, but it has not been directly decided that it does not also apply to a claim on which an implied *assumpsit* will lie. It may be that the reasoning of Judge SMITH, in *Elliott v. Jackson*, 3 Wis. 649, is opposed to that view, but the point was not involved in the case. In *Farmers' Nat. Bank v. Fonda*, 65 Mich. 533, the court held that a suit in attachment lies upon the implied *assumpsit* arising out of the embezzlement by a clerk of the money of his employer; that the case came within the language of the attachment law of that state. The attachment law of Michigan is like our own, and requires the affidavit to

set forth that the indebtedness sued on is due upon contract, express or implied, or upon judgment. See, also, *Western Ass. Co. v. Towle, supra.* In *Whereatt v. Ellis,* 58 Wis. 625, the complaint alleged that the defendant had converted a portion of the crops to his own use, but it was held that these words did not necessarily show that the cause of action was in tort; but it is not essential in this case to decide whether a party may waive the tort and sue by attachment for money actually held and wrongfully appropriated by another. It will be time to consider that question when fairly presented on the record.

It may be that the complaint in the attachment suit alleged that Goggin had wrongfully converted to his use the property of the plaintiffs, and was guilty of a tort; but, as that complaint is not before us, we need not further dwell on what it is assumed to contain. But, where an attachment has in fact been issued, though irregular, and a party has given an undertaking for the value of the property seized on the writ of attachment, and such property has thereupon been delivered up to the defendant, the party executing the undertaking is, on the most obvious principles of law, precluded from disputing the regularity of the attachment or the validity of the seizure. This is the position of plaintiffs' counsel, that, by the execution of the undertaking in question, the defendants are estopped from controverting the regularity of the attachment, and are absolutely liable on the obligation, whether the attachment was wrongfully or rightfully sued out. This position seems to be founded upon sound reason and good sense, and it is amply fortified by the numerous decisions to which counsel refer. As these cases are cited upon their brief, it is not necessary to give them in the opinion.

The decision in *Love v. Rockwell,* 1 Wis. 382, goes upon the ground of estoppel, and there is certainly nothing in *Shevlin v. Whelen,* 41 Wis. 91, in conflict with this view.

There the bond was given, and in a proceeding to enforce a lien upon logs where the statute gave no such lien. It was held that, as the attachment was void, the undertaking which was given to release the property from the attachment, and restore it to the owners, was also void. There is a distinction between that case and the present one. As the court says, in *Coleman v. Bean,* 32 How. Pr. 381: " There is a plain distinction between the present case and one where an undertaking is given to procure the discharge of an attachment which is void for want of jurisdiction of the subject matter. In the latter case, the whole proceeding being a nullity, the undertaking is of no effect whatever, and the sureties, when sued on it, may defend on that ground." In *Shevlin v. Whelen,* as the statute gave no lien, the owners of the logs who gave the undertaking were held not estopped by the execution of the instrument to obtain possession of the property, where no authority existed in law for taking it from them. But, in the case before us, the property had been taken by the sheriff under the attachment, and the defendants voluntarily gave the undertaking sued upon, in order that the attachment might be discharged, and the property restored to Goggin. In the language of Wʜɪᴛᴏɴ, C. J., ın *Love v. Rockwell,* 1 Wis. 382, under such circumstances, " it would be gross injustice to allow the defendants to avail themselves of the defense set up in their answer." They are clearly estopped from doing so, whether the attachment was valid or not.   ·

In the undertaking the defendants, jointly and severally, promise and agree, in the sum of $1,000, if the plaintiffs in the attachment suit shall recover judgment in the action, to pay the same on demand, together with costs that may be recovered against the defendants therein, not exceeding $250, with interest. It is contended that the liability of the defendants is limited to the sum of $250, and interest. We think this is an erroneous view of the undertaking.

The limitation only applies to the costs, and does not qualify the undertaking to pay $1,000. Of course, the $1,000 is the extent of the defendants' liability, but the judgment and costs do not exceed that amount.

We see no error in the record which should reverse, and the judgment of the circuit court is affirmed.

*By the Court.*— Judgment affirmed.