OSCAR S. HILMEN, Respondent, v. OLE A. BRYN, Peder Paulson, Lawrence Peterson, O. Torgerson, and Otto O. Aubol, Appellants.

(167 N. W. 219.)

**Stay bond — undertaking to pay deficiency judgment — action on — judgment — appeal from.**

This is an appeal from a judgment against defendants on a stay bond which was duly offered, accepted, approved, and filed. The appeal was from a judgment directing the sale of both real and personal property and, to secure a stay, defendants undertook and agreed to pay any deficiency that might arise under the sale of the property to an amount not exceeding $1,500. This was in accord with Compiled Laws, § 7829. The deficiency judgment is manifestly correct.

Opinion filed February 28, 1918.

Appeal from the District Court of Pierce County, Honorable *A. G. Burr*, Judge.

Defendants appeal.

Affirmed.

*Harold B. Nelson* and *Middaugh & Coger*, for appellants.

"The statutory undertaking on appeal will operate as a stay of execution; and where another undertaking is given for the purpose of staying the execution, it is without consideration and cannot be enforced either as a statutory or a common-law obligation against the sureties, though the judgment was for the foreclosure of a chattel mortgage on perishable property, and the obligee relied upon such obligation, and refrained from disposing of such property pending the appeal, and was thereby damaged, as the statutory undertaking did not contemplate a stay of sale of personal property." Powers v. Chabot, 28 Pac. 1070.

"If there was no consideration the sureties are not liable and the judgment must be reversed." Olson v. Birch, 81 Pac. 856; Cal. Code Civ. Proc. § 942.

"Where a bond on appeal has no validity as a statutory bond, a motion for judgment thereon should be denied, even if it is supported by a consideration, and is good as a common-law bond." Central Lumber

& Mill. Co. v. Center, 40 Pac. 335; Reay v. Butler, 50 Pac. 375; McCallion v. Hibernia Sav. & L. Asso. 33 Pac. 329.

A judgment for the mere sale of mortgaged premises does not give a judgment *in personam,* and no deficiency judgment is provided for thereby. Comp. Laws 1913, § 7829; Mareau v. Stanley (Colo.) 81 Pac. 759; Scott v. Marchant, 88 Ind. 349; Kountze v. Omaha Hotel Co. 107 U. S. 378; Supervisors v. Kenneott, 103 U. S. 554.

*D. J. O'Connell,* for respondent.

Where a deficiency judgment on foreclosure was rendered against the mortgagor, and an appeal was taken by a defendant who was in possession and desired to prevent a sale pending the appeal, the surety on the appeal bond, stipulating that appellant will pay any deficiency arising on the foreclosure sale, is liable for such deficiency. Johnson v. King, 91 Cal. 307, 27 Pac. 644; Gutzeit v. Pennie, 32 Pac. 584.

"Deficiency arising upon the sale" means the difference between the selling price and the amount of the mortgage indebtedness up to the amount of the bond." Boob v. Hall, 38 Pac. 977.

The matter of providing for stay bonds in appeals from judgments is purely the subject of legislative control. Boob v. Hall, 38 Pac. 977; 2 Cyc. 954; Buckner v. Bogard, 8 Ky. L. Rep. 701; Jenkins v. Hay, 28 Md. 547; Kennedy v. Nims (Mich.) 17 N. W. 735; Ogden v. Davis, 47 Pac. 722; Portland Trust Co. v. Havely, 36 Or. 234, 59 Pac. 466.

In adopting our statute the legislature intended evidently to obviate any question of judicial interpretation by including within the statute itself the construction placed upon it by the supreme court of the state from which the statute was taken. Comp. Laws 1913, § 7829. Babcock v. Carter, 67 Am. St. Rep. 193.

On appeal in such cases the respondent is entitled to security in substantial conformity to the statute, and in the absence of such conformity he may move to dismiss the appeal, and his motion will be granted. Jordan v. McKenny, 45 Me. 306; Putnam v. Boyer, 140 Mass. 235; Alberson v. Mahaffy, 6 Or. 412; Stroud v. State, 33 Tex. 650.

If there is a substantial compliance with the statute, mere technicalities and immaterial variances will be disregarded even when made the basis of a motion to dismiss the appeal. Corey v. Lugar, 62 Ind. 60;

McCrory v. Anderson, 103 Ind. 12; Asch v. Wiley, 16 Neb. 41; Halley v. Perry, 94 N. C. 30.

Where no motion is made to dismiss the appeal, and the judgment or decree has been affirmed by the appellate court, such affirmance establishes, as against the sureties, the fact that the court had jurisdiction of the appeal, and hence necessarily affirms the liability of the sureties in so far as their undertaking has stipulated for the payment of costs and damages. The sureties are estopped to claim want of jurisdiction. Gudtner v. Kilpatrick, 14 Neb. 347; Adams v. Thompson, 18 Neb. 541.

A bond apparently given to support an appeal, or for obtaining a stay of execution during an appeal, however much it may depart from the mandate of the statute, where respondent accepts it, is a good common-law obligation and enforceable against the sureties according to its terms. Munn v. Goodlet, 10 Ark. 89; Dore v. Covey, 13 Cal. 502; Mix v. People, 86 Ill. 329; Meserve v. Clark, 115 Ill. 580; Field v. Schriber, 14 Iowa, 119; Pray v. Wasdell, 146 Mass. 324; Healy v. Newton, 96 Mich. 228.

The sureties on their part cannot escape liability by urging formal defects in the bond which the respondent has apparently waived, and where the appellant has had the full benefit of all for which the bond was given. Jones v. Droneberger, 23 Ind. 74; Railsback v. Greve, 58 Ind. 72; Minor v. Rodgers, 65 Mich. 225; Granger v. Parker, 142 Mass. 186; Adams v. Thompson, 18 Neb. 541; Tevis v. Randall, 6 Cal. 633; Baber v. Bartol, 7 Cal. 551; Gardner v. Donnelly, 86 Cal. 367; Stephens v. Crawford, 1 Ga. 574; Dore v. Covey, 13 Cal. 502.

Robinson, J. In September 1914, Oscar Hilmen, the plaintiff, recovered a judgment against Tobias Nygaard and wife for $5,521 in an action to foreclose a mortgage on both real estate and personal property. An appeal was taken to the supreme court, and, to secure a stay of proceedings, the defendants made to plaintiff an undertaking whereby they promised to pay any deficiency not exceeding $1,500 which might arise on a sale of the property in case the judgment should be affirmed.

The result was to hold up and stay the proceedings on the judgment for a year. The appeal was dismissed. On October 30, 1915, the

sale was made. The land sold for $2,000 and the personal property for $2,229. The deficiency was $1,795.18.

By answer defendants allege that, by a mistake of law as to the legal effect of the undertaking, the plaintiff did not with diligence pursue his remedy against the personal property pending the appeal. That by not making a sale of the personal property pending the appeal it depreciated in value and resulted in a deficiency of $1,795.18. That if the property had been promptly sold there would have been no deficiency. The stay bond was offered, accepted, and filed on November 6, 1914, and it does not appear that any objection was made to the form or the conditions of the same. The manifest purpose and the legal effect of the bond was to stay all proceedings on the judgment. It was given under the statute which provides thus: Comp. Laws 1913, § 7829. "If the judgment appealed from directs the sale of mortgaged premises, the execution thereof shall not be stayed by the appeal, unless an undertaking is executed on the part of the appellant by at least two sureties, conditioned for the payment of any deficiency which may arise on such sale, not exceeding such sum as shall be fixed by the court or presiding judge thereof; to be specified in the undertaking, and all costs and damages which may be awarded to the respondent on such appeal."

Counsel for appellant insists that the conditions of the bond should have been for the payment of all damages which the opposite party may have sustained by reason of the appeal. Section 7831.

The time to have insisted on that point was prior to the making of the bond. In legal proceedings there is a time for all things. Appellants have had the full benefit of the stay, and it appears from the answer the conditions on which they now insist would have increased their liability to the full amount of the deficiency. Counsel for appellant assign several errors which amount to nothing unless to indicate that the appeal was taken for delay. Here is a specimen. "There is no evidence showing or tending to show that defendants and appellants received any consideration for the execution of the bond sued upon in this action." Pure nonsense it is to talk of showing a consideration for a stay bond. The stay is the consideration, and it is shown on the face of the bond.

The judgment appealed from directs the sale of mortgaged property, and it was legal and proper that the conditions of the stay bond should

be for the payment of any deficiency on a sale of the property, and that condition was entirely favorable to the appellant and the sureties.

The judge who writes this opinion, speaking for himself alone, believes that the defense of this action was clearly frivolous, and that the appeal was taken for delay, and that in all such cases the judgment should be affirmed with 10 per cent damages.

Judgment affirmed.

CHRISTIANSON and GRACE, JJ., concur in result.