# A. V. HAUBRICH v. HENRY HEANEY.[1]

## November 28, 1924.

## No. 24,259.

**Affidavit of claimant of property taken on execution.**

    1. The statute providing that a claimant of property taken by a sheriff on execution may serve an affidavit of his title or right upon the sheriff, who may retain the property a reasonable time awaiting indemnity from the execution plaintiff, is without application when the property is in the possession of the claimant and taken from him and not in the possession of the execution defendant.

**Right of action for conversion not affected by offer to return property.**

    2. When there is an actual conversion an offer to restore or an actual return to the premises of the owner, without an acceptance, does not take away his accrued right of action.

Action in the district court for Renville county to recover $425 for conversion of motor truck. The case was tried before Baker, J., and a jury which returned a verdict for $364.70. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Lindquist & Nordstrom,* for appellant.

*L. J. Lauerman,* for respondent.

DIBELL, J.

Action for the conversion of an auto truck. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

    1. The defendant, sheriff of Renville county, took the auto truck from the possession of the plaintiff against his protest. The record is imperfect, but we assume that it was taken by virtue of an execution against one Baumgardner. It was not in his possession. Upon demand the defendant refused to return it and this action was commenced.

    [1]Reported in 200 N. W. 930.

The statute provides that if property taken on execution is claimed by one other than the execution defendant the claimant may serve on the sheriff an affidavit of his title or right, and then the sheriff may release it to the claimant unless the execution plaintiff indemnifies him by bond; and he may retain the property a reasonable time awaiting indemnity. G. S. 1913, § 7843.

The statute has no application where the property is not in the possession of the execution defendant but is taken from the claimant in possession. Kiewel v. Tanner, 105 Minn. 50, 117 N. W. 231, 25 L. R. A. (N. S.) 772, and cases cited; Dunnell, Minn. Dig. § 3528, and cases cited.

2. Upon the service of the statutory affidavit the defendant refused to return the auto. Suit in conversion was brought by plaintiff forthwith. The defendant offered to show that a week or so later, the time quite indefinite, he returned the auto. The offer was rejected. The conversion was actual and complete when the action was brought. An offer to restore or an actual return to the premises of the plaintiff, without an acceptance, did not take away the cause of action which had accrued to him. Caldwell v. Arnold, 8 Minn. 231 (265); Carpenter v. American B. & L. Assn. 54 Minn. 403, 56 N. W. 95, 40 Am. St. 345.

Other questions are suggested in the brief which we do not find it necessary to discuss. When it is held as we hold that the statute cited is without application, plaintiff's right of recovery is clear. The correct measure of damages was stated. The plaintiff as a matter of law was so much the owner of the truck that he could maintain the action of conversion. The plaintiff did not put himself in a worse position by making the unnecessary affidavit under the statute.

Order affirmed.