# A. L. RAVELY, Respondent, v. A. F. KLENK, et al. A. F. KLENK, Appellant.

### (204 N. W. 975.)

**Chattel mortgages — on sale of specific goods, with no reservation of title, and unconditional transfer of possession, title passes and chattel mortgages by seller subsequent to contract of sale is abortive.**

1. Where, in a sale of specific goods, there is no reservation of title and possession is unconditionally taken by the vendee, title to the property passes to the vendee at the time of the contract of sale, under Rule 1, § 19, chapter 202, Sess. Laws, 1917, the Uniform Sales Act, and a chattel mortgage, executed by the vendor subsequent to such contract of sale, is wholly abortive.

**Chattel mortgages — that chattel mortgagee knew that mortgagor was indebted to another for goods mortgaged held not to invalidate mortgage.**

2. For reasons stated in the opinion, it is held that there is no evidence on which to base a finding that the chattel mortgage sought to be foreclosed, was executed fraudulently.

Opinion filed August 4, 1925.

Chattel Mortgages, 11 C. J. § 39 p. 428 n. 41; § 153 p. 493 n. 19. Sales, 35 Cyc. p. 307 n. 55.

Appeal from the District Court of Stutsman County, *Jansonius,* J. Affirmed.

*William Maloney,* for appellant.

*Russell D. Chase,* for respondent.

JOHNSON, J. This is an action to foreclose a chattel mortgage upon certain personal property used by the Grainmen's Printing Company, in this opinion referred to as the corporation, in operating a printing plant at Courtney, in this state. The mortgage was executed by the corporation to the plaintiff on January 30, 1922. He was, at the time, employed as a printer by the mortgagor, and the instrument was made to secure the sum of $1,245.13.

On August 28, 1920, defendant Klenk sold the property covered by the mortgage, to the corporation under a written contract. It is not necessary to set out this agreement in full. There was no reservation of title to the property and the vendee took possession thereof accord-

ingly. The corporation was in full and unconditional possession at the time of the execution of the mortgage. The vendee, however, was delinquent in making payments on the purchase price when the mortgage was executed to Ravely.

After the sale of the property to the corporation and the delivery of possession thereof by the vendor, but prior to the execution of the mortgage to the plaintiff, Klenk gave a mortgage on the same property to the Security National Bank, one of the defendants. The contract of sale was not filed.

The defendants Klenk, and the bank, resist the foreclosure partly, it seems, on the theory that the title to the property was in the vendor and that consequently the mortgage to the bank constitutes a prior lien, but more especially on the ground that the mortgage to the plaintiff was executed for the fraudulent purpose of hindering the creditors of the corporation.

1. As we have pointed out title was not reserved in the vendor at the time of the contract of sale and the delivery of the possession. The contract was clearly unconditional, the goods were specific, and the title accordingly passed to the corporation when the contract was made. Sec. 19, Rule 1, chap. 202, Sess. Laws, 1917, the Uniform Sales Act. Moreover, the question of the title to the goods, under the contract of sale to the corporation, had become a subject of litigation before the present foreclosure action was commenced and was determined adversely to the vendor. Of this decision the trial court in the case at bar took appropriate notice. The evidence clearly shows that this precise point had been litigated in a former action.

2. There remains the question of fraud. The record is devoid of evidence tending to substantiate defendant's claim in this respect. It is not denied that the plaintiff, a printer, was employed by the corporation, which owed him a substantial sum on account of unpaid wages. As a result of active diligence he procured a chattel mortgage from the debtor and the owner of the property for the purpose of securing the payment of his wages. That is all there is to the situation. The fact that the plaintiff knew that the corporation owed Klenk a part of the purchase price, is quite immaterial in the circumstances. The laborer had the right to press collection of his wages; and the employer had the right to give security for the debt. Comp. Laws 1913,

§ 7218; Finck, Van Slyke & McConville v. Styer, 51 N. D. 148, 199 N. W. 444. There is no element present that stamps the conveyance as fraudulent. Furthermore, there is no allegation in the answer of the defendant suggesting a fraudulent transfer.

The judgment is affirmed.

CHRISTIANSON, Ch. J., BIRDZELL, BURKE, and NUESSLE, JJ., concur.