## NORTHERN ROCK ISLAND PLOW COMPANY v. HACKETT-GATES-HURTY COMPANY.[1]

December 18, 1925.

No. 24,894.

**Demand for return of property unnecessary.**

1. Plaintiff [defendant in this action] caused a writ of attachment to issue and be put in the hands of the sheriff, who seized property, not in the possession of defendant [in that action] and sold it on execution. Plaintiff bid in the property at the sale and retained it. This constitutes conversion, and a demand for a return of the property is unnecessary.

**When claim and demand by third party required upon attachment.**

2. The statutory affidavit, claim and demand by a third party apply only to cases where the property taken is found in possession of the defendant against whom the process is issued.

**Evidence of value and charge to jury.**

3. In this action for conversion record examined and *held*: (1) The court properly excluded the proof of wholesale value because the inquiry failed to fix a time and place. (2) It is proper to show wholesale value as bearing upon the fair market value. (3) Defendant's failure to find the existence of conditional sale contracts by examining the records was immaterial. (4) The statement of the court at the close of the evidence that he would give certain requests which he did not give was not error.

1. See Attachment, 6 C. J. p. 380, § 847.
2. See Trover and Conversion, 38 Cyc. p. 2033.
3. See Appeal and Error, 4 C. J. p. 955, § 2937; Evidence, 22 C. J. p. 187, § 147 .(Anno), p. 189, § 153, p. 190, § 154; Sales, 35 Cyc. p. 711.

[1]Reported in 206 N. W. 446.

Action in conversion in the district court for Hennepin county. The case was tried before Baldwin, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Paul C. Thomas* and *John H. Horeish*, for appellant.

*Grimes & Maxwell*, for respondent.

WILSON, C. J.

This is an action to recover for the conversion of 18 bobsleds and one grain drill. Plaintiff's verdict was for $1,435.17. Defendant appealed from an order denying its motion for judgment or a new trial.

The verdict is a finding that defendant took the property from the possession of plaintiff and not from the possession of a third party. Therefore the plaintiff was not required to make an affidavit, claim and demand pursuant to section 7550, N. D. St. 1913. Aber v. Twichell, 17 N. D. 229, 233, 116 N. W. 95. This statute is similar to our own and is applicable only to cases where the property taken is found in possession of the defendant against whom process has been issued. Section 7843, G. S. 1913 [R. L. 1905, § 4213], and cases cited, Dun. Dig. § 3528, Maubrich v. Heaney, 161 Minn. 92, 200 N. W. 930. Defendant cannot escape liability by saying the property was taken by the sheriff by virtue of a writ of attachment procured by it without having counseled, directed or instructed the sheriff to take the property. Plaintiff caused a writ of attachment to be issued and placed in the hands of the sheriff who attached property not in the possession of the defendant, but in the possession of the owner. He held the same and sold it on execution sale and the plaintiff bid it in and retained the same. This constitutes conversion and a demand for a return of the property is not a condition precedent to the bringing of an action for such conversion.

Defendant assigns as error the ruling of the court in sustaining plaintiff's objection to its question on cross-examination of a witness who testified as to value. The question was: "What was the

wholesale value of this property?" The vice in the inquiry was not because it related to "wholesale value," but because it failed to fix a time and place. This was not error. The issue was as to the fair market value of the property in the condition in which it was at the time and place of the conversion. Defendant was in his proofs permitted to show the wholesale value as relating to the issue. This was proper. Schall v. Northland M. C. Co. 123 Minn. 214, 143 N. W. 357. Defendant was not deprived of this right.

Whether defendant's agent examined the records prior to the taking of the property was unimportant. Under the very clear charge to the jury it was stated that, if the property was not in the possession of plaintiff at the time of the taking, defendant should have a verdict. This was correct. The question of conditional sale contracts originally given by Richardson & Robinson (defendant's debtors) to plaintiff had passed into history. Plaintiff's possession, resulting from the property being turned back to plaintiff prior to the accrual of any rights by subsequent creditors or innocent purchasers, eliminated all questions as to whether the contracts had been filed for record. The refusal to receive in evidence the North Dakota statute was proper.

At the conclusion of the trial defendant's counsel submitted requests for instructions. The court stated that certain requests would be given in substance. They were not given in the form submitted. Some were not given in substance. The charge as given was correct. The requests not given were properly rejected. The prior statement of the court that they would be given is not error. The conduct of the court and the character of the requests in no way prejudiced the plaintiff.

Affirmed.