A. L. RAVELY, Respondent, v. G. L. ISENSEE and H. C. Aamoth, Defendants. G. L. ISENSEE, Appellant.

(221 N. W. 38.)

Opinion filed July 23, 1928.  Rehearing denied October 1, 1928.

Mr. *William Maloney,* for appellant.
Mr. *Russell D. Chase,* for respondent.

PUGH, Dist. J.   The material facts in this case of which the following is a summary are undisputed.  On August 28, 1920, one Klenk, sold to Grainmen Printing Company, a corporation, on deferred payments, certain personal property then used, and to be used, in the operation of a printing plant at Courtenay.  The sale was evidenced by a written contract.  No reservation of title to the property sold was made.  The corporation thereupon took possession of the property, and, until the happening of the events hereinafter detailed, used the property in and about its printing business.  Plaintiff was employed as a printer in said business.  The corporation became indebted to him for wages in the sum of $1245.13.  In order to secure the payment

thereof, on January 30, 1922, it executed and delivered to him a chattel mortgage upon said property. After the sale of the property and the delivery of possession thereof to the corporation, Klenk gave a chattel mortgage on the same property to the Security National Bank of Fargo. On or about August 7, 1922, Ravely, as mortgagee, took possession of the mortgaged property and proceeded to foreclose his lien by advertisement. Thereafter and prior to the date of sale, Klenk instituted an action against the Grainmen Printing Company to recover balance of the purchase price due him under the contract of sale and in connection therewith caused a warrant of attachment to be issued and placed in the hands of the sheriff of Stutsman county, who executed the same by levying on and taking into his possession the aforesaid personal property. Thereupon plaintiff abandoned the proceeding to foreclose his mortgage by advertisement, and on the 19th day of September, 1922, commenced an action to foreclose the mortgage, in which action Grainmen Printing Company, A. F. Klenk, Dana Wright, sheriff of Stutsman county and Security National Bank of Fargo were made defendants. He caused to be issued out of the district court of Stutsman county a warrant of seizure for the purpose of regaining possession of the mortgaged property. Comp. Laws 1913, §§ 8137–8143 inclusive. This warrant was directed to the "sheriff or coroner" of said county and by the coroner executed by serving the same on the sheriff, who delivered to the coroner the property then held under the warrant of attachment. Four days later, the defendants in the foreclosure action made application for the discharge of the warrant of seizure, under the provisions of §§ 7555 and 7556, Comp. Laws 1913, and presented an undertaking for that purpose, which undertaking, omitting the title and other formal parts, is as follows:

"A warrant of seizure having been issued in the above entitled action to the coroner of the county of Stutsman, and the defendants A. F. Klenk, Dana Wright and Security National Bank of Fargo, N. Dak., a corporation, having appeared in such action, and being about to apply to the clerk who issued such warrant of attachment, or to the above-mentioned court to discharge the same, we, G. L. Isensee and H. C. Aamoth, hereby undertake, in the sum of $3,500.00, that we will, on demand, pay to the above-named plaintiff the amount of any judg-

ment which may be recovered against the above named defendants in this action, not exceeding the above mentioned sum.

"Dated this 23rd day of September, A. D. 1922.

"G. L. Isensee.
"H. C. Aamoth."

Thereupon the property taken under the warrant of seizure was returned to said defendants.

The case proceeded to trial. Judgment in favor of the plaintiff, Ravely, against Grainmen Printing Company in the sum of $1,555.53 and for the foreclosure of his mortgage against all of the defendants, was rendered and entered June 3, 1924. From this judgment Klenk appealed. The judgment was affirmed by this court. Ravely v. Klenk, 53 N. D. 102, 204 N. W. 975.

In the meantime the mortgaged property was sold by the sheriff upon writ issued in the case of Klenk v. Grainmen Printing Company and was no longer available to the plaintiff from which to satisfy his judgment of foreclosure.

The instant case was instituted to recover upon the said undertaking executed by the defendants. The case was tried to the court without a jury. Judgment was entered against the defendant Isensee in the sum of $768, November 14, 1927, from which judgment, defendant Isensee appeals.

Appellant contends that inasmuch as the sheriff had levied upon and taken possession of the property under the warrant of attachment, § 7550, Comp. Laws 1913 provided the only remedy available to plaintiff; that plaintiff was not legally entitled to a warrant of seizure, under the facts in the case; that the warrant of seizure, although issued under the seal of the court, having been addressed to the sheriff and coroner, is null and void; that the coroner had no authority whatever to serve the warrant and take possession of the property thereunder; that such service and levy by the coroner were illegal and void; and that consequently the bond in question has no binding force or validity.

Sec. 7550, Comp. Laws provides that:

"If any property levied upon by the sheriff by virtue of the warrant of attachment is claimed by any other person than the defendant

and such person, his agent or attorney, makes affidavit of his title thereto or right to the possession thereof, stating the value thereof and the ground of such title or right, the sheriff may release such levy, unless the plaintiff on demand indemnifies the sheriff against such claim by an undertaking executed by a sufficient surety; and no claim to such property by any other person than the defendant shall be valid against the sheriff, unless so made."

This section of the Code was enacted for the benefit and protection of a sheriff executing a warrant of attachment, in order that, in case of a claim of ownership or right to possession of the property attached by parties other than the defendant in the action, he might demand indemnity from the attaching plaintiff to protect him in case the claim by the third person should be held valid. Aber v. Twichell, 17 N. D. 229, 116 N. W. 95; Kiewel v. Tanner, 105 Minn. 50, 25 L.R.A.(N.S.) 772, 117 N. W. 231. The Minnesota statute on the same subject is similar in all respects to § 7550. In the recent cases of Northern Rock Island Plow Co. v. Hackett-Gates-Hurty Co. 165 Minn. 282, 206 N. W. 446, and Haubrich v. Heaney, 161 Minn. 92, 200 N. W. 930, the supreme court of that state held that the statute has no application where the property attached is not in the possession of the defendant named in the warrant of attachment, but is taken from the possession of the claimant. Upon consideration of the authorities and the fact that this action is not one against the sheriff who made the levy, it is plain § 7550 is not applicable to the facts in this case.

Appellant further contends that the warrant of seizure is wholly void because it is directed to "the sheriff or coroner of the county of Stutsman," and not to "the sheriff of the county of Stutsman." In all other respects it conforms precisely to the form prescribed by statute. Comp. Laws, § 8139. He also contends that the levy made thereunder was void because in excess of the powers of a coroner.

The alleged error or defect in the warrant affects a mere formal part and not the substance of the warrant. The parties to the action are properly stated in the title; the court is correctly designated; the venue is given; the warrant bears the seal of the court and the signature of its clerk, and recites the jurisdictional facts that a complaint and an undertaking as required by law have been filed in the

office of the clerk of the court. It is generally held that errors or defects of this nature may, on objection raised, be amended (Comp. Laws, § 7482), and may be waived (3 Standard Proc. 484). It is admitted that the sheriff peaceably delivered the property into the possession of the coroner. Doubtless, it is true, as argued by appellant, that the sheriff, having possession of the property by virtue of a valid writ, was not required to deliver possession to the coroner or any other person, while the writ held by him remained in full force and effect. The defendants did not elect to litigate the validity of the warrant or the levy thereunder. No application was made to the court for the discharge of the warrant or the levy on the grounds on which defendants in this action are relying to escape liability. They desired an immediate restitution of the property, and this was gained through the giving of the bond in question.

By statute, § 8142, Comp. Laws, the provisions of the chapter on attachment, relative to rebonding, are made applicable to levies made under a warrant of seizure which may be issued by the court in actions to foreclose chattel mortgages.

Section 7555 of the chapter on Attachments provides that at any time after he appears and before final judgment, the defendant may make application to discharge the writ as to the whole or any part of the property attached. The application to discharge the writ must be accompanied by one of the two undertakings provided for by § 7556, which section reads as follows:

"Upon such application the defendant must give an undertaking with sufficient surety to the effect that the property of such defendant, which has been attached, shall be forthcoming in substantially as good condition as it is at the time of the application to answer any judgment which the plaintiff may recover against him in the action, and which undertaking shall be in an amount equal to the value of the property according to the sheriff's inventory; *or the defendant may at his election give an undertaking with sufficient surety to the effect that he will on demand pay to the plaintiff the amount of any judgment which may be recovered in the action against him not exceeding a sum specified in the undertaking with interest. The sum so specified must be at least equal to double the amount of the plaintiff's demand as specified in the warrant of attachment; or, at the option of the*

*defendant, equal to double the appraised value of the property attached according to the sheriff's inventory."*

Defendants elected to give the undertaking provided for by the italicized portion of the statute, and thereby undertook "on demand to pay to the plaintiff the amount of any judgment which he may recover in the action" against them.

This bond had the effect not only to discharge the levy made, but to totally destroy the writ as well. Fox v. McKenzie, 1 N. D. 298, 47 N. W. 386; McLaughlin v. Wheeler, 1 S. D. 497, 47 N. W. 816; Wyman v. Hallock, 4 S. D. 469, 57 N. W. 197; Billingsley v. Harris, 79 Wis. 103, 48 N. W. 108; Burnham-Munger-Root Dry Goods Co. v. Strahl, 102 Neb. 142, 166 N. W. 266; Truax v. Title Guaranty & Surety Co. 94 Wash. 472, 162 Pac. 586; San Francisco Sulphur Co. v. Ætna Indemnity Co. 11 Cal. App. 695, 106 Pac. 111; Moffitt v. Garrett, 23 Okla. 398, 138 Am. St. Rep. 818, 32 L.R.A.(N.S.) 401, 100 Pac. 533; Brady v. Onffroy, 37 Wash. 482, 79 Pac. 1004; 6 C. J. 338, 351; 2 R. C. L. 890.

Even though it be conceded that the defects and irregularities in the issuance and service of the warrant of seizure, of which appellant complains, would have furnished legal grounds for the discharge of the levy and warrant, the defendant in the foreclosure suit, not appellant who was a stranger to that action, had the right to make such a motion; and, it is very apparent that upon the striking down of the warrant, the right to maintain the motion passed.

A leading case often cited on this subject is Fox v. McKenzie, supra. In that case the court said:

"The right to strike down the writ by litigation certainly cannot be exercised after the suitor has voluntarily supplanted the writ as well as the levy by giving the statutory discharge bond."

In the case of Moffitt v. Garrett, 23 Okla. 398, 32 L.R.A.(N.S.) 401, 100 Pac. 533, the Oklahoma court, after citing many authorities, including the Fox case, and stating that several of the states, including North Dakota, have statutes containing substantially the same provisions as are contained in the Oklahoma statute, said:

"It is the theory of a great many of the adjudicated cases, under such statutory provisions, that the bond becomes an unconditional contract or promise to pay whatever judgment may be rendered against

the defendant upon the merits of the case and does not depend upon the regularity of the attachment branch of the case; that the consideration of the promise to pay the judgment is the immediate release of the attached property; that the giving of the bond effects the immediate discharge of the attachment and the release of the property, and the bond then becomes security for any judgment that shall be rendered against the defendant."

It follows the defendants are precluded from asserting defects and irregularities in the issuance of the warrant or in the levy and service thereof, and, upon rendition and entry of judgment in favor of the plaintiff in the action, by the very terms of their bond, their obligation to pay the judgment, on demand, became absolute.

"The theory of the statutes and decisions is that the consideration for the promise to pay the judgment is the immediate release of the attached property. The giving of the bond effects the immediate discharge of the attachment and release of the property, and the bond then becomes a security for any judgment that shall be rendered against the defendant. The cases hold that, when such a bond has been given under a statute requiring an unconditional promise to perform the judgment of the court, the defendant is thereby estopped to raise any question as to the regularity of the attachment." Brady v. Onffroy, 37 Wash. 482, 79 Pac. 1004.

Again quoting from the Fox case:

"The condition of the discharge bond as fixed by the statute indicates the legislative intent that the bond shall not be affected by the dissolution of the attachment, or by any other contingency than the failure of plaintiff to obtain judgment in the action. That condition is to pay the amount of the judgment that may be recovered against the defendant. The promise is absolute, because upon it the writ itself is discharged."

See also Hilmen v. Eryn, 39 N. D. 211, 167 N. W. 219.

Lastly, appellant insists the bond is conditioned to pay any judgment which plaintiff may recover against Klenk, Wright and the bank, and not to pay any judgment which plaintiff may recover against Grainmen Printing Company. The contention lacks point and substance. The construction placed upon the bond is not warranted either by the bond itself or the statute under the provisions of which the

defendants secured the immediate release of the property to their principals. The bond is entitled in the action; all defendants, including Grainmen Printing Company, were named in the title. The bond specifically refers to the "judgment which may be recovered against the above named defendants in this action," and obviously the defendants named in the title are the defendants named in the action. The obligors knew, or ought to have known, that no money judgment would or could be recovered by plaintiff against Klenk, Dana Wright or the bank. The only judgment plaintiff could recover in the action was a money judgment against the Grainmen Printing Company and one of foreclosure against all defendants. The giving of the bond was wholly voluntary on the part of the obligors in the bond. They gave the bond knowing it would effect the destruction of the warrant and that the immediate return of the property to their principals would ensue. The promise to pay the judgment was based upon the discharge of the warrant and the immediate return of the property to defendants. The bond took the place of the mortgaged property as security for the payment of plaintiff's claim. Upon plain equitable principles defendants should be and are estopped to contend otherwise.

The judgment of the district court is affirmed with costs.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.

BURR, J., did not participate; Honorable THOS. H. PUGH, Judge of the Sixth Judicial District, sitting in his stead.