BLAIR *v.* TURTLE and another.

(*Circuit Court, D. Nebraska.* ——, 1881.)

1. SUMMONS—SERVICE PROCURED THROUGH FRAUD.

> Where a person has been brought from another state by force, or has been induced to come into a state by the fraud and deceit of another for the purpose of procuring the service of a summons in a civil action, and personal service has been made under such circumstances, the service of process and return of the officer will be quashed on proper plea, where the facts are undisputed.

Action for False Imprisonment.    Demurer to special plea.
*Hunter & Sawyer* and *Brown, England & Brown,* for plaintiff.
*Lamb, Billingsly & Lambertson,* for defendants.

DUNDY, D. J.   On the twenty-fifth of October, 1876, the plaintiff, John H. Blair, commenced his action against the defendants, William Turtle and Jesse H. Bull, in the district court of Lancaster county, of the second judicial district of the state of Nebraska.   Security for costs of suit was given, whereupon a summons was issued and placed in the hands of the sheriff of the said county for service.   The return of the sheriff shows that he made personal service of the summons on both of the said defendants.   The summons required the defendants to appear and plead to the petition by the twenty-seventh of November following the date thereof.

The petition seems to show, or at least it is therein alleged, that in the year 1875 the defendants wrongfully and unlawfully detained and imprisoned the plaintiff in the common jail of Lancaster county; on the railroad cars running on a railroad extending from Lincoln, Nebraska, to Saint Louis, Missouri; at Saint Louis, Missouri; on railroad cars between Saint Louis and New York city; on board an ocean steamer plying between New York city and Liverpool, England; and also in England after the plaintiff had there arrived,—for which wrongful and unlawful detention and imprisonment the plaintiff claims damages in the sum of $25,000.

Nothing further seems to have been done in the case, at least so far as the pleadings were concerned, until the twen-

tieth of May, following, at which time the defendants filed a plea denying the jurisdiction of the court, the appearance being special, and for the purpose stated only. On the same day the defendants filed in the state court their petition, affidavit, and bond for the removal of the cause to this court, where, it is conceded, the cause was properly removed, the plaintiff being a citizen of the state of Nebraska, and the defendants citizens of the state of Illinois. The plea thus interposed by the defendants may, at least for all practical purposes, be regarded and treated as a motion to quash the service of process and return to the writ. This special plea states, in substance, that at the time the suit was commenced, and when the summons was served upon the defendants, they were resident citizens of the state of Illinois, and did not at that time come voluntarily within the jurisdiction of the said court, nor within the state of Nebraska, but that they were brought from the state of Illinois into the state of Nebraska by force, to answer to an indictment for a felonious offence, said to have been committed in the last-named state; that the indictment was found in said Lancaster county, and that the defendants were brought there by force to answer the same, and were actually in jail in said county, in the custody of the sheriff of the county, to answer to the said indictment, when this suit was brought, and service of process was made on them; that it was necessary for each of the defendants to be present at the trial of said indictment to testify on behalf of himself and each other; and that the indictment was found and procured, and the defendants were forced from their own state, and were forcibly brought into this state, by the fraud and procurements of this plaintiff, for the purpose of forcing them within the jurisdiction of said court, so that a summons might then be served upon them, which was done accordingly.

On the twenty-sixth of March, 1879, the plaintiff filed in this court a general demurrer to this plea, which was finally submitted for determination.

The sole question presented for determination under this demurrer is, are the facts stated in the plea sufficient to war-

rant and justify the court in quashing the service of process, as shown by the return of the sheriff of Lancaster county?

Exceptions were taken by plaintiffs to the form of the defendant's plea, for the reason, as stated, that such a plea is unknown to the code of practice of this state. Strictly speaking, this may be true, but courts of justice usually look more to substance than to form when the ends of justice will thereby be subserved; and, while this may be in form a plea in abatement, we may nevertheless treat it as a motion to quash the service of the process, as the plea contains all the necessary elements of such a motion. And it matters but little what name is given to the plea, if the matter it contains be well stated, and the matter thereof be true in point of fact. In this instance there is no room left to doubt the correctness of either. The facts are fully and clearly, and, I might add, quite artistically, stated in the plea. The truth of the matters stated is beyond dispute, as the demurrer admits the allegations to be true, and we are to take the statement of the defendants embodied in their plea as absolute verity. In mere personal actions, like this one, courts acquire no jurisdiction over the wrong-doers, or the subject-matter of the controversy, until personal service of process can be made on one or more defendants, or until the defendants make voluntary appearance in the cause, either in person or by attorney. Before the district court of Lancaster county, the court in which this suit was brought, could have properly proceeded to judgment, it would have been necessary to find these defendants, or· one of them, within the county, where service could have been made. And if the defendants had been found within the jurisdiction of the said court,—that is, within Lancaster county,—and service had then been properly made, under ordinary circumstances the court thus acquiring jurisdiction would proceed to trial and judgment. What is here stated applies only to those who voluntarily come within the jurisdiction of the court, where suit may be instituted and where personal service is properly had.

But in this case the defendants had been indicted in Lan-

caster county, in this state, for the crime of kidnaping, and the governor of the state had made his requisition on the governor of Illinois, under the extradition laws, for the surrender of the defendants, who were alleged to be fugitives from justice. The governor of Illinois honored the requisition, the defendants were arrested on his warrant, and were afterwards brought back to this state in custody of an officer, and were placed in jail to await trial on the said indictment. The defendants were here by compulsion—they were here because they could not avoid it; they were seized in Illinois on criminal process to answer in said court for the crime said to have been committed in this state, where they were brought and compelled by force to remain for trial. We see, then, that the defendants were forced within the jurisdiction of the court where the suit was brought to answer to an indictment which had been procured against them mainly by the efforts of the plaintiff for the purpose of forcing their attendance at court, so that the summons issued in this case might be served on them, thus subjecting them to the jurisdiction of the court, when it could have been acquired in no other way. Such a proceeding ought not to be sanctioned by any court. No authority has been cited where such proceedings have been upheld by any of the courts in this country for many years past. Reason, fair dealing, and common honesty all unite in overturning such a practice. And, were it otherwise, it is believed that the principle involved is too well settled by many well-considered adjudicated cases to be seriously questioned at this late day.

See *Lagrare's Case,* 14 Abbott's Pr. R. 336, 344; *Raustead* v. *Otis,* 52 Ill. 30; *Williams* v. *Reed,* 29 N. J. Law Rep. 385; *Dugan* v. *Miller,* 37 N. J. Law Rep. 182; *Iwnean Bank* v. *McSpeelan,* 5 Biss. 64; *Steiger* v. *Bonn,* 4 Fed. Rep. 17.

The cases here referred to are abundant authority for the disposition to be made of this plea. They sanction this doctrine and establish the correctness of this proposition, namely : That where a plaintiff in suit brings by force a defendant within the jurisdiction of a court, or induces him by deceitful or fraudulent practices to come within the jurisdiction,

for the purpose of having him served with process, the courts will interfere by quashing the summons, or service thereof, to prevent the fraudulent and improper use of the process. This is a proper case for the exercise of such authority. The process of the court has been misused, if it has not been greatly abused. What has been properly and justly done in numerous other cases must be done here; that is, the service of the process in this suit, and the sheriff's return thereto, must be quashed, and it is so ordered.

It was claimed, however, that as the defendants had appeared in the state court, had then filed a petition for the removal of the cause to this court, had actually had the cause docketed here and heard on the plea, that the defendants were stopped from further proceedings on the said plea. It was considered that the cause was properly removed to this court. When the application for removal was made, the cause stood for hearing on said plea. It stood for hearing on the plea when it was first docketed in this court. Hearing was had thereon at the first possible opportunity afforded the defendants. They have contested, step by step, the supposed right of the plaintiff to force them into court in the manner stated. They have waived no privilege and lost no right by thus proceeding. They have a right to dispute and contest the jurisdiction of the court at almost any stage of the proceedings, and, unless they have in some way waived or forfeited that right, they must be upheld in its exercise, regardless of consequences to either party. It is not believed that this right has in any manner been impaired by the defendants in their first appearance in the cause, nor during any of the subsequent stages of the proceedings.

The plaintiff can, if he sees proper, have the cause continued and an *alias* summons issued. But if there is no probability of finding the defendants within the jurisdiction of this court, no useful purpose can be served by its longer remaining on the docket.

NOTE. See *Parrott* v. *Alabama Gold Life Ins. Co.*, *supra.*