W. B. WOODWARD, *et al.*, v. ALBERT WITASCHECK, *et al.*

1. ATTACHMENT — *Undertaking Given Too Late.* Section 52 of the justices code provides that the defendant may at any time before judgment procure the discharge of an attachment by the execution of an undertaking, but it furnishes no authority for the giving or acceptance of such undertaking after the attachment action has culminated in a final judgment.

2. BOND — *No Consideration for Execution.* In an attachment action the plaintiffs procured the seizure of property as that of the defendant, but which was claimed by a third party, who was permitted to interplead and contest the validity of the attachment and the ownership of the property. Judgment was taken by default against the defendant debtor for the amount claimed, which judgment has never been paid, and in a subsequent trial the interpleader was adjudged to be the owner of the property and the attachment was discharged. The justice of the peace ordered that the latter judgment be suspended for thirty days to enable plaintiffs to prosecute a proceeding in error to reverse the same. No proceeding in error or appeal was prosecuted, and at the end of the thirty days the suspension was abrogated. During the period of suspension the interpleader gave an undertaking under § 52 of the justices code, and thereupon the property attached was released. *Held,* In an action by the plaintiffs on the undertaking, that there was no consideration for its execution, and that no liability arose thereon.

*Error from Miami District Court.*

ACTION to recover upon an undertaking given in an attachment proceeding. On April 25, 1884, Woodward, Faxon & Co. commenced an action against Charles Witascheck, before Wm. H. Maxwell, a justice of the peace of the city of Paola, in Miami county, to recover $275.71. An order of attachment was issued at the same time and levied upon a certain stock of drugs, formerly owned and controlled by Charles Witascheck. These goods had been transferred by Charles Witascheck to one Emil Ciboula, who sold them to Ferdinand Goebel, and who in turn transferred the stock to Albert Witascheck. Albert was in the possession of the stock of goods when it was attached. Upon the application of Albert Witascheck, he was made a party defendant, and contested the

validity of the attachment. On June 5 judgment was entered against the defendant Charles Witascheck for the amount claimed and the hearing of the issue formed between the plaintiffs and Albert Witascheck in regard to the validity of the attachment was continued until June 6, 1884, when the justice found that the grounds laid for the attachment were not sustained by the evidence and were untrue, and that Albert Witascheck was a *bona fide* purchaser of the stock of drugs; and thereupon he discharged the attachment. The justice allowed the plaintiffs thirty days in which to file their petition in error in the district court, and also suspended the operation of the order discharging the attachment during that time. On June 23, 1885, Albert Witascheck and three sureties executed the following undertaking (title of cause omitted):

"Whereas, an order of attachment for two hundred and seventy-five dollars was issued in the above-entitled action, and certain goods and chattels, consisting of a stock of drugs, fixtures, and other chattels, have been seized under said order of attachment:

"Now, we, the undersigned, residents of said county, for the discharge of said attachment and restitution of said property, or the proceeds thereof, do hereby bind ourselves to the said plaintiffs in the sum of five hundred and fifty dollars that said defendant shall perform the judgment of said justice in the above-entitled action.

"Witness our hands, this 23d day of June, 1884.

ALBERT WITASCHECK. JOSEPH SIMMONS.
P. H. McGUIRK. S. L. RUNNER."

At the same time, and in connection with the bond, a contract in writing was executed by the parties, as follows:

"It is hereby agreed between the plaintiffs in the above-entitled action and the sureties on said foregoing bond, that the foregoing bond shall be treated and considered in all respects and for all purposes as if the same had been given and executed within the time and in the manner, and in all respects in conformity with § 52 of chapter 81 of the Compiled Laws of Kansas for the year 1879.

WOODWARD, FAXON & Co.,
By BEESON & BAKER, *Attorneys.*
ALBERT WITASCHECK. JOSEPH SIMMONS.
P. H. McGUIRK. S. L. RUNNER."

Thereupon the bond, with the contract written thereunder, was submitted to the justice of the peace, who indorsed the following approval thereon: "This bond approved by me, this 23d day of June, 1884.—WM. H. MAXWELL, Justice of the Peace." The bond, so approved, was filed with the justice of the peace, and the goods attached were delivered to S. L. Runner, who subsequently purchased the same from Albert Witascheck. No proceeding to reverse the judgment of the justice of the peace discharging the attachment was instituted in the district court within the thirty days, nor at any other time; and on July 8, 1884, upon the application of the defendants, the justice abrogated the order suspending the execution of the judgment discharging the attachment. On November 25, 1884, *Woodward, Faxon & Co.* instituted the present action upon the undertaking, alleging that the goods released were never restored to the possession of the officers, and that the judgment rendered against Charles Witascheck had not been paid. At the trial on February 6, 1886, the execution of the bond and contract, in the manner stated, was shown, together with the fact that the judgment against Charles Witascheck remained unpaid and unsatisfied. A demurrer to the evidence of the plaintiffs was interposed and sustained, and judgment given in favor of the defendants. The plaintiffs excepted, and bring the case here for review.

*Beeson & Baker*, for plaintiffs in error.

*W. H. Browne*, and *Hiram Stevens*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The undertaking upon which a recovery is sought was not given by the defendant debtor, nor in his behalf. He did not own the property attached, had no interest in the attachment proceedings, and permitted judgment to be taken against him by default. Albert Witascheck interpleaded in the action, and claimed to be the owner of the goods which had been seized; and on this issue he obtained judgment in his favor. This judgment and the one taken by default

against Charles Witascheck had both been rendered a considerable time before the undertaking sued on was executed. The agreement of the parties executed at the same time with the undertaking, and appended to it, specifically states that the bond was executed under § 52 of the justices code, and shall be so treated and considered. That section provides:

"If the defendant or other person in his behalf, at any time before judgment, cause an undertaking to be executed to the plaintiff, by one or more sureties resident in the county, to be approved by the justice, in double the amount of the plaintiff's claim, to be stated in his affidavit, to the effect that the defendant shall perform the judgment of the justice, the attachment in such action shall be discharged, and restitution made of the property taken under it or the proceeds thereof. Such undertaking shall also discharge the liability of a garnishee in such action, for any property of the defendant in his hands."

Under this provision, the attached property may be released during the pendency of the action of attachment and before judgment is given. There is no authority, however, in § 52 for the giving or acceptance of a bond after the attachment action has culminated in a judgment. It prescribes a method to be pursued during the pendency of the proceedings and before judgment is rendered. The undertaking provided by that section is a substitute for the property attached; and in the event that the attachment is sustained and judgment given in favor of the plaintiff, he looks to the undertaking instead of to the property which was seized. The giving of the undertaking operates to discharge the attachment and the liability of any garnishee, and to restore the property to the defendant. After the attachment has been upheld and final judgment rendered, no necessity exists for the giving of such bond. It could be of no benefit to the defendant or party contesting for the property, and as we have seen, no authority exists for taking or approving it. The undertaking sued on could not have been taken with reference to the controversy between the plaintiff and Charles Witascheck, for that judgment was entered seventeen days before the execution of the

1. Undertaking given too late.

undertaking. If it was taken by plaintiffs with reference to the final result between themselves and the interpleader, they are in no better condition, for that judgment is against them. It is true, the justice of the peace suspended, or undertook to suspend, the operation of that judgment for thirty days, in order that the plaintiffs might prepare a bill of exceptions on which to review his rulings in the district court. The undertaking was manifestly given upon the theory that a proceeding in error would be prosecuted, and as a security that the obligor would perform the final judgment in case of a reversal. But no proceeding in error or appeal was ever prosecuted, and there has been no reversal. The order suspending the judgment, whatever may have been its effect, was abrogated by the justice on July 8th, thirty-two days after he adjudged the attachment to be invalid and that Albert Witascheck was the *bona fide* purchaser and owner of the property. That judgment stands as a final adjudication that the property belonged to Albert Witascheck at the time it was seized. Therefore the plaintiffs had no right or interest in the property attached, and parted with nothing in exchange for the undertaking. Albert Witascheck received nothing by reason of the undertaking beyond what he was entitled to without it, and therefore there was no consideration for its execution. If we consider the attachment as continued by the order of suspension, and that the undertaking was given as a substituted security for the property attached to await the final judgment thereon, still no liability could arise, because no judgment adverse to the obligor has been rendered. In no view of the case as it is presented here can the defendants be held liable, and the judgment of the district court must therefore be affirmed.

2. Bond; no consideration for execution.

All the Justices concurring.