THE AMERICAN EXCHANGE BANK OF CHICAGO,
ILLINOIS, v. W. W. COOK.

No. 235.

STAY BOND — *is void if judgment stayed is void.* An undertaking
for the stay of execution on a void judgment is also void for want
of authority in the justice to take it, and such an undertaking
cannot be enforced as an obligation at common law to pay the
debt, being without lawful foundation and without consideration.

Error from Geary District Court. Hon. James
Humphrey, Judge. Opinion filed November 15, 1897.
*Affirmed.*

*Humphrey & Laundy*, for plaintiff in error.
*Thomas Dever*, for defendant in error.

MAHAN, P. J. The plaintiff brought an action
against the defendant upon an undertaking to stay
execution upon a judgment of a justice of the peace.
The judgment in the case was upon three promissory
notes aggregating the sum of $326, for which amount
the plaintiff obtained judgment against one A. L.
Barnes.

Under the authority of *Ball v. Biggam* (43 Kan. 327),
the judgment was void for want of jurisdiction of the
justice to render the same. The judgment being ab-
solutely void, there could be no lawful stay of execu-
tion, and hence the undertaking was likewise void.
It was an undertaking that the justice had no author-
ity to take.

Counsel for plaintiff in error contend, however, that
notwithstanding the undertaking is not good as a stat-
utory undertaking, yet it might be held good as a
common-law bond for the payment of the debt. This
contention cannot be sustained. The action of the

BANK v. COOK. 267

Nov. 15, 1897.    Opinion.  Mahan, P. J.    C. Div.

justice of the peace was, as we have heretofore said, void for all purposes. This position is sustained by the judgment of the Supreme Court of the United States in *Pacific National Bank v. Mixter* (124 U. S. 729).

In that case an attachment was issued out of the Circuit Court of the United States for the District of Massachusetts against the bank without any authority of law. For the purpose of discharging the attachment, the bank gave a bond, as provided by the statute of that State in attachment proceedings. Counsel in that case contended that, while the bond was not good as a statutory bond, it could be held good as a common-law bond. But the Supreme Court said:

"Neither is the bond binding as a common-law bond. If the attachment had been valid, and the bond taken had not been in all respects such as the statute had required, it could nevertheless have been enforced as a common-law bond, because it was executed for a good consideration, and the object for which it was given had been accomplished. But here the difficulty is that there was no lawful attachment, and therefore no lawful authority for taking any bond whatever. The bond is consequently neither good under the statute nor at common law, because there is no sufficient foundation to support it."

In this case it can be said there was no consideration whatever for the undertaking. There was no execution to stay. There was no judgment upon which execution could have been issued. The learned judge who tried the case below so ruled, and his ruling is without doubt correct.

Judgment affirmed.