# FISCHER v. MUNSEY TRUST COMPANY.

---

PROCESS; PLEADING; ABATEMENT; BAD FAITH.

1. Where the question of the validity of the service of process may be determined as a matter of law, it is proper to raise it by a motion to quash (following *Ricketts* v. *Sun Printing & Pub. Asso.* 27 App. D. C. 222; *Ferguson Contracting Co.* v. *Coal & Coke R. Co.* 33 App. D. C. 159; *Toledo Computing Scale Co.* v. *Miller*, 38 App. D. C. 237; and *Wendell* v. *Holland America Line*, 40 App. D. C. 1); but where the affidavits in support of and in opposition to such a motion raise an issue of fact, and the parties do not waive a trial by jury, the motion must necessarily be denied and the question determined on a plea in abatement.

2. Where a plea in abatement is filed during the summer recess of the court, about thirty days after the filing of affidavits in opposition to a motion to quash the service of process, it cannot be said that the defendant was guilty of undue delay in filing the plea.

3. If the defendant in an action is induced by the representations of the plaintiff to come within the jurisdiction of the court for the purpose of a conference having for its object an amicable settlement of the controversy between them, and, while engaged in such conference, service of process is made upon him, such an act is one of bad faith amounting to misrepresentation; and if pleaded in abatement of the action, a motion to strike out the plea should be denied.

No. 2800.    Submitted October 12, 1915.    Decided December 6, 1915.

HEARING on an appeal by the defendant from a judgment for the plaintiff, entered for want of a sufficient affidavit of defense in an action on a contract.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal involves an order of the supreme court of the District striking out appellant's plea in abatement, in which it is alleged that service of summons in the action was procured to be served upon him within this jurisdiction by trick, device, and fraud.

The action was commenced June 3, 1914. On June 13th following, appellant, John L. Fischer, appeared specially by his attorney, and filed a motion to quash the service. In his affidavit in support of the motion he sets forth that he is a resident of the city of Louisville, in the State of Kentucky, and is not and never has been a resident of the District of Columbia; that on the evening of June 2, 1914, in response to a letter from the appellee, the Munsey Trust Company, and for the purpose of transacting the business referred to in that letter, and for no other purpose, he came to Washington. In the letter, a copy of which is included in the affidavit, appears the following: "Inasmuch as this transaction appears to be considerably involved, we would earnestly recommend that you come to Washington at once in order that we may reach an amicable settlement. This will possibly be the means of our reaching an agreement regarding your indebtedness, whereby you could obtain possession of both of the notes we hold, thereby settling the matter once and for all so far as we are concerned. If an agreement could be reached, it would unquestionably prevent the filing of suit against you in Louisville, as we are fully determined to put this matter at an issue at once. We will hold this matter in abeyance, awaiting an answer to this letter, until Tuesday, June 2, 1914, before we forward the case to Louisville for suit."

The affidavit further states that on the morning of June 3d appellant was requested by one of the officers and agents of the

appellee to be at its place of business at 1:30 o'clock, P. M., on that day, for the purpose of discussing the matter contained in said letter; that appellant acceded to this request, but that within a few minutes after his arrival at such place of business, and while discussing the matter aforesaid, summons was served upon him in this action.

On June 19th following, appellee filed affidavits in opposition to the motion to quash and raising an issue of fact. Thereupon, on June 24th, the court overruled the motion. On August 25th following, appellant filed his plea in abatement, supported by affidavit containing the averments of his original affidavit. To this plea appellee at first demurred, but subsequently withdrew the demurrer, and moved that the plea be stricken from the files, which motion, over the objection and exception of the appellant, was granted. Thereupon the court, over the objection and exception of the appellant, entered judgment against him under the 73d rule.

*Mr. W. Gwynn Gardiner, Mr. Blaine Coppinger,* and *Mr. L. L. Hamby,* for the appellant:

1. A plea in abatement is proper and necessary after discovery of irreconcilable dispute of the facts. 32 Cyc. 524–25, sec. 6, *Electric Vehicle Co.* v. *Motor Co.* 157 Fed. 316; *United States* v. *Amer. Bell Tel Co.* 29 Fed. 17; *United States* v. *Burmeister,* 70 Fed. 44; *Mills* v. *Rowles,* 84 N. Y. Supp. 753; *Hibbard* v. *Clark,* 54 N. H. 428; *Grier* v. *Young,* 120 Ill. 184.

2. As to whether the defense set up in the plea in abatement is a valid defense, see *Orleans St. Ry. Co.* v. *Fairm't Cons. Co.* 55 N. Y. App. Div. 292; *Dunlap* v. *Cody,* 31 Iowa, 260; *Cavanagh* v. *Manhattan Transit Co.* 133 Fed. 818; *Frawley, Bundy & Co.* v. *Penna. Casualty Co.* 124 Fed. 259; *Allen* v. *Wharton,* 13 N. Y. Supp. 38; *Jasper* v. *Currie,* 69 Neb. 4; *Diffenderfer* v. *Rowden,* 83 Mo. App. 268; *Toof* v. *Foley,* 87 Iowa, 8; *Baker* v. *Wales,* 35 N. Y. 403; *Fitzgerald Constr. Co.* v. *Fitzgerald,* 137 U. S. 98.

*Mr. Wilton J. Lambert* and *Mr. R. H. Yeatman,* for the appellee:

1. Appellant, when he filed his motion to quash and elected to have the same heard upon his affidavit and counter-affidavits, followed the practice that had been in vogue in the supreme court of the District of Columbia; and having been unsuccessful in his contention by the method adopted by him to assert the same, it was his duty to demur or plead to the merits. In other words, he chose to have the court pass upon the question of fact, and, having lost, then attempts to press the same claim before a jury by adopting the expedient of a plea in abatement. Undoubtedly, if the appellant had desired to take testimony in support of his motion to quash, he could have done so. See *Ricketts* v. *Sun Printing & Pub. Asso.* 27 App. D. C. 222; *Wendell* v. *Holland America Line,* 40 App. D. C. 1; *Toledo Computing Scale Co.* v. *Miller,* 38 App. D. C. 237.

2. The plea in the concluding paragraphs of appellant's brief assumes too much. The appellant came to the District of Columbia to do business, executed this note at Washington, District of Columbia, and has been found by the court below on an issue of fact to have come to this jurisdiction at the time he was served with process, not as a result of any trick, fraud, or inveiglement of the appellee. His plea is dilatory, and notwithstanding opportunity given, apparently realizing the justness of the appellee's claim, he has refused to tell this court or the court below why judgment should not be rendered against him in favor of the appellee, an innocent holder of his note.

*Mr. Justice* ROBB delivered the opinion of the Court:

In this jurisdiction the practice is firmly established, where the question of service may be determined as matter of law, to raise it by motion to quash. *Ricketts* v. *Sun Printing & Pub. Asso.* 27 App. D. C. 222; *Ferguson Contracting Co.* v. *Coal & Coke R. Co.* 33 App. D. C. 159; *Toledo Computing Scale Co.*

v. *Miller*, 38 App. D. C. 237; *Wendell* v. *Holland America Line*, 40 App. D. C. 1.   The present case, however, presents a different question, for the reason that the facts are disputed. Under sec. 70 of the Code [31 Stat. at L. 1200, chap. 854] issues of fact in civil cases may be tried and determined by the court "whenever the parties or their attorneys of record file with the clerk a stipulation in writing waiving a jury." Appellant's motion to quash amounted to nothing more than a presentation of certain alleged facts, and a request for a ruling upon the question of law arising from those facts.   Appellee thereupon filed affidavits in opposition to the motion, but no stipulation was entered into by the parties that the court should determine any issue of fact.   The sole question for determination was whether appellee's opposing affidavits raised an issue of fact.   The court, evidently of opinion that they did, necessarily overruled the motion to quash.   Nothing else could have been done, for the court was without jurisdiction to determine the issue of fact.   That issue had not been submitted to him.   Thereupon two courses were open.   Either the parties could have entered into a stipulation submitting this issue of fact to the court, or appellant could raise it by plea in abatement.   He elected the latter, as under that plea he would be entitled to a trial by jury.   The plea was filed in about thirty days, and, as the summer recess then was on, we cannot say that there was undue delay.   We therefore rule that the court erred in striking out the plea in abatement.

As our conclusion necessitates further proceedings, perhaps we should say that, in our view, if the allegations of appellant are found to be true, the service should be quashed.   "If a person is induced by false representations to come within the jurisdiction of a court for the purpose of obtaining service of process upon him, and process is there served, it is such an abuse that the court will, on motion, set the process aside." *Fitzgerald & M. Constr. Co.* v. *Fitzgerald*, 137 U. S. 98, 105, 34 L. ed. 608, 611, 11 Sup. Ct. Rep. 36.   See also: *Frawley* v. *Pennsylvania Casualty Co.* 124 Fed. 259; *Cavanagh* v. *Manhattan Transit Co.* 133 Fed. 818; *Toof* v. *Foley*, 87 Iowa, 8, 54 N. W.

59. A court of justice ought not and will not permit a party to profit by such artifice. If appellant was induced, by the representations of appellee, to come within this jurisdiction for the purpose of a conference having for its object "an amicable settlement," service upon him was an act of bad faith amounting to misrepresentation.

The judgment is reversed, with costs, and the cause remanded for further proceedings.                 *Reversed and remanded.*