GILNA, APPELLANT, *v.* FIDELITY & DEPOSIT COMPANY OF MARYLAND ET AL., RESPONDENTS.

(No. 6,335.)

(Submitted October 5, 1928. Decided October 25, 1928.)

[272 Pac. 540.]

*Messrs. Graybill & Graybill,* for Appellant, submitted an original and a reply brief; *Mr. F. L. Graybill* argued the cause orally.

*Mr. Warren Toole,* for Respondent, submitted a brief and argued the cause orally.

236

. MR. JUSTICE STARK delivered the opinion of the court.

The object of this suit was to recover judgment against defendants upon an undertaking given by the defendant Fidelity & Deposit Company of Maryland to obtain the release from attachment of certain property levied upon at the instance of the plaintiff in an action commenced by him against David S. Barker, Tekla S. Barker, Violet Barker and John Glover, as statutory trustees of the Big Seven Mining Company, which had been dissolved by expiration of its charter. Said last-mentioned cause was No. 17,262 in the records of the district court, and for brevity will hereafter be referred to by that number only.

The complaint in the instant case alleges that cause No. 17,262 was commenced on June 9; 1923, by the filing of the complaint; that writs of attachment were duly issued therein; that under said writs levy on property of the defendants therein was made by proper officers; that on August 23, 1923, an order was made by the court for the release of the attached property upon filing, by defendants therein, of an undertaking in the sum of $800, to be signed by some reliable surety company, to the effect that if the plaintiff recovered judgment in the action, the defendants therein would, on demand, redeliver the attached property, so released, to the proper officer, to be applied to the payment of the judgment, or, in default thereof, the defendants or the sureties on the undertaking would, on demand, pay to the plaintiff the full value of the property released; that on August 24 the defendant Fidelity & Deposit Company of Maryland, hereafter referred to as the surety company, executed an undertaking in accordance with the terms of said order, which was duly delivered, approved and filed, and thereupon the property was released from attachment and delivered to the defendants in said action; that the total value of the property so released was in excess of the sum of $800; that on April 24, 1926, the plaintiff recovered judgment in said action

against the defendants therein for the sum of $1,597.16; that no part of said judgment has been paid, although its payment has been demanded; that redelivery of the property which was attached has also been demanded and refused. The prayer is for judgment against the defendants for $800, with interest and costs.

The defendant surety company filed a separate answer to this complaint, in which it admitted the commencement of action No. 17,262; that "pretended" writs of attachment were issued therein under which the sheriffs of Lewis and Clark and Cascade counties pretended and assumed to levy upon property of the defendants; that the order for release of the property from attachment was made and that this defendant furnished the undertaking required by said order; that said undertaking was delivered, filed and approved and thereupon the property levied upon under the writs of attachment was released and delivered to the defendants in said action; that the value of the property was $800, and that judgment was recovered in said action No. 17,262, all as alleged in the complaint.

This answer also set forth two separate defenses. The court sustained a demurrer to the first one, and we are not called upon now to give it any consideration.

In the second separate defense it is alleged that the original complaint in action No. 17,262 stood as filed therein at the time of the execution of the undertaking by this defendant; that after the execution of said undertaking, and without the defendant's knowledge or consent, an amended complaint was filed by the plaintiff in said action No. 17,262, which introduced into said action four new causes in lieu of those set forth in the original complaint as the same stood at the time of the execution of the undertaking, each of which causes of action differed materially from the cause or causes of action set forth in the original complaint, and were predicated upon alleged contracts materially different from the contract set forth in the original complaint, and that said

amended complaint materially changed the obligation, if any, of the answering defendant upon said undertaking. Copies of the original and amended complaints in said cause No. 17,262 are attached to and made a part of this separate defense. It is then alleged that upon the issues raised by the amended complaint, the answer thereto and the reply to the answer in said cause No. 17,262, such proceedings were had that a judgment was rendered therein in favor of the plaintiff and against the defendants therein, for the amount set forth in the plaintiff's complaint herein, which judgment was duly entered and docketed by the clerk of said court, and it is asserted that by reason of these facts this answering defendant has been wholly exonerated and discharged from its liability to the plaintiff on the undertaking in suit, if any such liability ever existed.

To the second separate defense the plaintiff filed a reply in which all of the fact allegations thereof are admitted, the only denials being the conclusions that the amended complaint introduced four new causes of action in lieu of, and materially different from, those set forth in the original complaint which were predicated upon contracts materially different from those set forth in the original complaint, and materially changed the obligation upon the undertaking for the release of the attachments.

Thereafter the defendant surety company moved the court for judgment on the pleadings upon its second separate affirmative defense, on the ground that the fact allegations therein which are admitted by plaintiff's reply thereto constitute a complete defense to the plaintiff's cause of action. This motion was based "upon this notice and upon plaintiff's complaint, said defendant's separate answer and plaintiff's reply." Upon the argument of the motion it was agreed by counsel that the judgment of the court thereon should be upon the merits of the action. Thereafter the motion was sustained by the court and judgment entered dismissing the

complaint as to the defendant surety company. From this judgment the plaintiff has appealed.

The amended complaint in cause No. 17,262 stated four separate causes of action, the fourth of which was abandoned at the trial and the verdict of the jury upon each of the other three causes was in favor of the plaintiff; that upon the second cause of action was for the sum of $624.33. So far as the appeal in the instant case is concerned, the plaintiff has abandoned all claim to a right of recovery from the defendant surety company of the amounts set out in the first and third causes of action in his amended complaint in cause No. 17,262, and we are therefore concerned with the second cause of action alone, and it will be referred to as the amended complaint.

Section 8197, Revised Codes of 1921, says: "A surety company cannot be held beyond the express terms of his contract"; and section 8301, Id., provides: "A surety is exonerated (1) in like manner with a guarantor." By the provisions of section 8188, Id., "a guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in anywise impaired or suspended."

It is not contended, and the pleadings do not show, that the defendant surety company was in any respect indemnified for any liability which it might incur upon the undertaking suit.

The surety on an undertaking given by the defendant to secure the release of property from levy under a writ of attachment enters into the obligation with reference to the cause as it then stands; and if the plaintiff, without the consent of the surety, subsequently changes his pleading so as to state another and different cause of action, it is such a change as to work a release of the surety. This rule

is supported by the authorities generally, and from them we cite the following: *Michelen Tire Co.* v. *Bentel,* 184 Cal. 315, 193 Pac. 770; *Cassidy & McFadden* v. *Saline County Bank,* 7 Ind. Ter. 543, 104 S. W. 829; *Curnow* v. *Goodman,* 244 Mass. 265, 138 N. E. 379; *Quillen* v. *Arnold,* 12 Nev. 234; *Petri* v. *Manny,* 99 Wash. 601, 1 A. L. R. 1595, 170 Pac. 127; Waples on Attachment, secs. 774, 775; Shinn on Attachment, sec. 306, p. 596.

One of the reasons for the rule has been said to be that the surety may have been satisfied that plaintiff could not prevail upon the cause of action set forth in the complaint as it stood when he executed the undertaking to release the attached property, and for that reason may have been willing to afford the defendant relief by signing as his surety though he would not have been willing to do so if another and different cause of action had been stated in the complaint.

It is obvious that our inquiry requires a detailed examination of the original and amended complaints in cause No. 17,262 for the purpose of determining whether the latter states a cause of action different from that contained in the former.

Each purported to state a cause of action for the recovery of an amount alleged to be due to plaintiff on account of a royalty or share of ores mined and extracted by him from property belonging to the Big Seven Mining Company, in the Neihart Mining district in Cascade county, under a lease entered into by him with the defendants David L. S. Barker, Tekla S. Barker, Violet Barker and John Glover, as statutory trustees of said mining company.

A comparison of the contracts set out in the original and amended complaints can best be made by setting forth in parallel columns the substantive portions thereof showing the date, subject matter, term and royalty provided for, and also the demands, claims and grievances and the amounts claimed to be due to plaintiff thereon, as shown in said original and amended complaints, as follows:

*Original Complaint.* *Amended Complaint.*

### The Date.

January 18, 1921. February 10, 1922.

### The Subject Matter.

"Number Four Chute of Big '7' Mine."

"A certain portion of the property of defendant at the head of Snow Gulch, in the Neihart Mining District, near Neihart, in Cascade county, Montana, designated as in the lower tunnel on the main lead at a place about 2,000 feet distant from the entrance, including such ground on either side north and south and above the then top of number four chute as was tributary to or practical to work from number four chute, especially ground within 100 feet above the then top of said chute."

### The Term.

"Until the plaintiff had received under said lease the sum of $5,000, not to exceed however a period of ten years."

"Said lease to terminate when and after plaintiff should have received as his share of the net proceeds or smelter returns from certain ore known as 'hard ore,' after deduction of rents or royalties aforesaid, the total sum of $5,000, the net proceeds or smelter returns from all so-called 'soft ore' not to be counted towards this total sum of $5,000."

### The Royalty.

"Sixty-five per cent of said proceeds to be payable to the plaintiff herein upon the sale of said ore, and returns from such sale and payment thereof to the defendants."

"On the following schedule from the net proceeds or smelter returns on all ores mined; 30% on ore running under 100 ounces of silver per ton; 35% on ore running over 100 ounces and under 200 ounces of silver per ton; 40% on ore running over 200 ounces of silver per ton."

### The Demands, Claims and Grievances.

Nine tons of gross value of $125 per ton mined in the months of November and December, 1922, and shipped on or about April 15, 1923, the net proceeds of sale being $775.

(a) On or about November 23, 1922, delivered to defendants for shipment 25¾ tons of ore for which defendants received net returns of $2,387, the ore running about 92 ounces of silver per ton, and entitling plaintiff to 70 per cent of such net returns.

(b) Prior to January 15, 1923, mined a further 10½ tons of ore, running about 180 ounces of silver per ton, and of a gross value of $200 per ton, for which the net proceeds were about $1,795, received by defendants on or about April 5, 1922, entitling plaintiff to an amount equivalent to 65% of such net returns, but on January 15th, 1923, was ejected from premises.

## The Amount Claimed.

$500 plus $77.50 penalty and interest from April 15, 1923.

On lot (a) $1,664, less amount received, viz.: $1,614, or a balance of $50.

On lot (b) $1,167, or a total on lots (a) and (b) of $2,831, less $1,614, or a balance of $1,217.

From the foregoing summary it will be noted that the date of the contract mentioned in the amended complaint is one year and twenty-three days later than the contract mentioned in the original complaint. The subject matter in the original complaint is No. 4 chute of Big 7 Mine, while that in the amended complaint is certain ground *near* a chute designated as No. 4, but no mention is made of the mine in which this chute is located. The term of the lease in the original complaint does not take into account any deduction for soft ores as does the lease in the amended complaint. The contract in the original complaint provided a flat royalty of sixty-five per cent to the lessee, or thirty-five per cent to the lessor, while that in the amended complaint was based on a sliding scale based on the silver content of the ore mined, and ranging from thirty per cent to forty per cent to the lessor. It cannot be doubted that the royalty was a very material term of the lease. It not only served to identify the particular lease in question and distinguish it from all other leases, but the very basis of the action was to recover this royalty.

From the foregoing comparison it is obvious that the date, subject matter, term and royalty provisions of the contract made the basis of the cause of action stated in the amended complaint are wholly different from the ones set out in the original complaint, and that the two causes of action are entirely separate and distinct.

Applying the principle announced in the foregoing authorities to the above facts, there can be no doubt but that, by the

substitution in the amended complaint of a new cause of action for the one set out in the original complaint, the defendant surety company was released from liability on the undertaking given to release the attachments. The undertaking which it executed did not refer to. or embrace the cause of action stated in the amended complaint, and it cannot be held liable on any account because of a judgment rendered thereon.

The court did not err in sustaining the motion for judgment on the pleadings as to the second separate defense set out in the answer. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MATTHEWS and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE MYERS not sitting.

Rehearing denied December 21, 1928.