SLOAN, RESPONDENT, *v.* YOUNG, APPELLANT.

(No. 6,539.)

(Submitted November 27, 1929.  Decided January 18, 1930.)

[284 Pac. 131.]

*Mr. R. F. Gaines,* for Appellant.

416

*Mr. M. S. Galasso* and *Mr. M. J. Doepker,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

In September, 1926, plaintiff commenced an action numbered 29,642 in the district court of Silver Bow County against Roy and Julia Knipe and caused a writ of attachment to be issued and levied on property of the defendants therein. In order to procure the release of the property from the attachment and to prevent a levy upon other property, an undertaking was executed by defendant Young. This action was brought to recover judgment against defendant on the undertaking. The cause was tried to the court with a jury, and at the close of all of the evidence the court, on motion of plaintiff, directed the jury to return a verdict for plaintiff in the sum of $569.65, with interest. Judgment was entered on the verdict and this appeal taken by the defendant.

Consideration of the questions presented makes it necessary to analyze the pleadings and proceedings in action numbered 29,642. The plaintiff in that action alleged in the complaint that he loaned to the defendants therein $400 in April, 1926, and $400 in May, 1926; that the money was borrowed by defendants therein to purchase a Chrysler automobile from the Butana Motor Company upon a conditional bill of sale; that it was agreed between plaintiff and defendants therein that the bill of sale should be made to plaintiff to secure the repayment of the loans; that the transaction was in fact a mortgage upon the automobile, although it was alleged that no mortgage in due form was executed; that on July 16 plaintiff advanced the sum of $105.85 for the benefit of defendants therein to prevent them from becoming in default as to one of the payments due on the automobile, and on August 14 he advanced a like amount for the same purpose; and that none of the money has been repaid, though demanded.

As a second cause of action, plaintiff alleged in that action that on August 21, 1926, he loaned to defendants $150, which they have failed to pay as agreed.

Plaintiff in that action filed an affidavit on attachment in the form required by section 9257, Revised Codes 1921, which recited, among other things specified in that section, that the payment of plaintiff's claim "has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property." A writ of attachment was thereupon issued containing the matters required by section 9260, Revised Codes 1921, and levied upon the Chrysler automobile. Thereupon the undertaking involved in this action was filed. Subsequently plaintiff in that action filed an amended complaint containing five causes of action. The first is for recovery of $400 loaned in April, 1926; the second for $400 loaned in May, 1926; the third for $105.85 loaned in July, 1926; the fourth for $105.85 loaned on August 14, 1926; and the fifth for $150 loaned August 21, 1926. No reference was made in the amended complaint to the fact that the bill of sale of the automobile was to be issued to plaintiff and held as security. Thereafter plaintiff recovered judgment in that action for the total sum of $1,245.80, had execution issued and levied upon the Chrysler automobile which was sold for $950, from which there was paid to the Capital Finance Corporation, successors in interest in the automobile of Butana Motor Company, the sum of $210.85, and $21.25 as costs on the execution sale, and the balance was paid to plaintiff under his judgment, leaving a balance due him of $569.65, for which recovery is sought in this action against the defendant surety on the undertaking.

In this action the complaint recites the proceedings had in cause No. 29,642 and a copy of the undertaking, signed by defendant Young, is attached to and made a part of the complaint.

The answer of the defendant Young admits practically all of the allegations of the complaint and sets forth six separate defenses, but only the first one is relied upon here. It alleges, in substance, that the writ of attachment in cause No. 29,642

authorized the sheriff to seize property as security for the payment of any judgment which might be recovered on the second cause of action only; that the judgment which plaintiff recovered in that action was for the amounts demanded in both causes of action; that, since plaintiff realized more from the automobile on execution sale than was due to plaintiff on the second cause of action, the liability of defendant was fully discharged. These affirmative allegations of the answer were put in issue by the reply, and allegations were made that the statements in the original complaint in suit numbered 29,642, to the effect that the bill of sale was a mortgage, was a mistake of law and fact, and those statements were therefore eliminated in the amended complaint in that action.

The questions raised by defendant on this appeal render it unnecessary to review the evidence in detail. A part of it consisted of the judgment-roll in cause numbered 29,642, the execution returned unsatisfied in part, demand upon the defendant for the amount of the unsatisfied part of the judgment, and its nonpayment.

By several assignments of error defendant raises the question of his liability on the undertaking for anything in excess of that demanded in the second cause of action in cause numbered 29,642. Specifically he contends that since plaintiff alleged that he had security for the amount demanded in the first cause of action, and since an attachment on that cause of action was not authorized, the liability on the undertaking should be limited to the recovery under the second cause of action only. We deem it unnecessary, in considering the merits of this contention, to determine whether the facts alleged in the first cause of action show that plaintiff had security for the demand therein set forth. The extent of the liability of the defendant must be measured by the terms of the bond which he executed. (*Dackich* v. *Barich,* 37 Mont. 490, 97 Pac. 931.)

The affidavit on attachment in cause No. 29,642 set forth, in conformity with the demand in the complaint, that the defendants therein were indebted to plaintiff in the sum of

$1,161.70. The writ of attachment recited that the action was "to recover from the defendants in said action the sum of $1,161.70." It commanded the sheriff to attach all the property of defendants, "or so much thereof as may be sufficient to satisfy said plaintiff['s] demand," unless the "said defendants give * * * security * * * in an amount sufficient to satisfy such demand, besides costs, or in an amount equal to the value of the property which has been, or is about to be attached."

The undertaking signed by defendant recites that plaintiff has commenced an action in the designated court "for the recovery of one thousand one hundred sixty-one and 70/100 ($1,161.70) Dollars"; that attachment has been issued directed to the sheriff of Silver Bow county commanding him to attach all property of the defendants, "or so much thereof as may be sufficient to satisfy the plaintiff's demand therein stated, in conformity with the complaint, at one thousand one hundred sixty-one and 70/100 ($1,161.70) Dollars," unless defendants give security "in an amount sufficient to satisfy said demand." The undertaking contained the following paragraph: "Now, Therefore, we, the undersigned, residents of the City of Butte, County of Silver Bow, State of Montana, in consideration of the premises, and to prevent the levy of the said attachment do hereby jointly and severally undertake in the sum of Fifteen Hundred ($1,500.00) Dollars, being an amount sufficient to satisfy plaintiff's demand, beside costs, lawful money of the United States of America, and promise to the effect that if . the said plaintiff shall recover judgment in said action, we will pay to the said plaintiff, upon demand, the amount of the said judgment together with the costs not exceeding in all the said sum of Fifteen Hundred ($1,500.00) Dollars, lawful money of the United States of America."

It will be seen that the provisions of this undertaking place a greater burden upon the surety than was contemplated by section 9281, Revised Codes 1921. But if not good as a statutory undertaking it will be sustained as a common-law bond. (*Pue* v. *Wheeler*, 78 Mont. 516, 255 Pac. 1043.) Here

defendant surety obligated himself to pay the amount of the judgment obtained in the action. The liability was not limited to the judgment which might be obtained under the second cause of action. It is clear that plaintiff's cause of action, at least in part, was one upon which an attachment would issue. The consideration for the undertaking was not only to release the property from the attachment already made, but to prevent further levies from being made. The undertaking stands in lieu of the property attached or "about to be attached." In effect, defendant, by executing the bond, said to plaintiff, "If you will refrain from levying an attachment upon any of the property belonging to defendants in case No. 29642, I will pay whatever judgment you may recover against them in that action." The fact, if such it be, that as to part of the cause of action an attachment was improper, would not in anywise change defendant's obligation.

The general rule is that an undertaking such as the one ▮▮▮ here involved fixes an unconditional obligation upon the surety to pay the judgment irrespective of any defects or irregularities in the issuance or levying of the attachment. (*Revely* v. *Isensee*, 57 N. D. 286, 221 N. W. 38; *Billingsley* v. *Harris*, 79 Wis. 103, 48 N. W. 108; *Moffitt* v. *Garrett*, 23 Okl. 398, 138 Am. St. Rep. 818, 32 L. R. A. (n. s.) 401, 100 Pac. 533; *Moore* v. *Holder*, 95 Fla. 504, 116 South. 498; *Ross-Higgins Co.* v. *Protzman*, 278 Fed. 699; *Shapiro* v. *Bank of Graymont*, 31 Ga. App. 576, 121 S. E. 520; *McMillan* v. *Dana*, 18 Cal. 339; *Cooper* v. *Davis Mill. Co.*, 48 Neb. 420, 67 N. W. 178.) A different rule prevails where the attachment proceedings were void for want of jurisdiction. (*Dietrich* v. *Martin*, 24 Mont. 145, 81 Am. St. Rep. 419, 60 Pac. 1087; *Pacific Nat. Bank* v. *Mixter*, 124 U. S. 721, 31 L. Ed. 567, 8 Sup. Ct. Rep. 718; *Murphy* v. *Montandon*, 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851.) The reason for this exception is that such an undertaking would be without consideration. (*American Exchange Bank of Chicago* v. *Cook*, 6 Kan. App. 266, 51 Pac. 65; *Woodward* v. *Witascheck*, 38 Kan. 760, 17 Pac. 658.) But here, as above noted, the writ of attachment was authorized

at least as to a part of the obligation, and hence the undertaking was supported by a consideration, and if defendant here desired to limit his liability to a recovery on the second cause of action only, he should have done so expressly in the bond.

Defendant also contends that by the amended complaint filed in case numbered 29,642 the cause of action was changed from that existing at the time the undertaking was given, and, since the amended complaint was filed without his consent, it operated to release him as surety. In support of this contention the case of *Gilna* v. *Fidelity & Deposit Co. of Maryland*, 83 Mont. 231, 272 Pac. 540, is relied on.

Defendant's contention in this respect must be sustained if the amended complaint states a different cause of action from that upon which the undertaking was given. The amended complaint sets forth the identical facts alleged in the original complaint, save that it made no reference to the security held by plaintiff to satisfy a part of the demand. Because of this change, defendant contends the cause of action has been changed. This argument fails to take into account the distinction between the "cause of action" and the remedies for its enforcement. Here the causes of action in case No. 29,642 arose from defendants' refusal to repay the loans. Assuming that the original complaint may be held to show sufficient facts to constitute the claim, under the first cause of action, one secured by a chattel mortgage—a question not necessary for decision here—that would merely afford an additional remedy for the enforcement of the cause of action. By eliminating the allegations with reference to the security, plaintiff has not changed his cause of action but has affected the remedy only. (*American Savings & Loan Assn.* v. *Burghardt*, 19 Mont. 323, 61 Am. St. Rep. 507, 48 Pac. 391; *American Can Co.* v. *Stare*, 150 Wis. 627, 138 N. W. 67; Pomeroy's Code Remedies, 5th ed., sec. 346 et seq.)

But if the rule contended for by defendant should be extended to a situation where there has been a change in remedy by an amended complaint, it would not avail defend-

ant here, for he has been in no way injured by the amendment which relinquished the alleged security, since after judgment was obtained in cause No. 29,642 the identical automobile alleged to have been held as security was levied upon and sold under execution sale and the proceeds were applied on the judgment. Under such circumstances, defendant must be held to the obligation voluntarily assumed by him, viz., to pay the amount of any judgment recovered in action numbered 29,642. (See in this connection *Turner* v. *Fidelity & Deposit Co. of Maryland*, 187 Cal. 76, 200 Pac. 959.)

The court properly directed the jury to return a verdict for plaintiff. The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.