**CONTELLA v. CLAYTON et al.**

No. 8380.

United States Court of Appeals
District of Columbia.

Submitted Dec. 10, 1943.
Decided Jan. 17, 1944.

Mr. Albert Lyman, of Washington, D. C., submitted on the brief for appellant.

Mr. Robert H. McNeill, of Washington, D. C., submitted on the brief for appellees.

Before GRONER, Chief Justice, EDGERTON, Associate Justice, and DOBIE, Circuit Judge, sitting by designation.

EDGERTON, Associate Justice.

This is a special appeal [1] from denial of appellant's motion, made on a special appearance, to quash service of process. [2]

Appellees filed a complaint against appellant which alleged that appellees were trustees of mortgages and mortgage notes on Maryland land; that they authorized appellant to collect the notes; that he collected $13,000 but failed to account; and that he had the pertinent records in his possession. The complaint asked for an accounting and discovery, and for a receiver to take charge of the property and records in appellant's possession. It did not allege that any property or any record was in the District of Columbia.

The complaint alleged that appellant was a resident of the District of Columbia. It was verified by one of the appellees. But the summons was served on appellant in Virginia and the return, verified by a Virginia sheriff, alleged that appellant "is a non-resident of the District of Columbia."

The District of Columbia Code makes no provision for personal service of process on a resident defendant out of the District. In certain types of suits the Code permits "personal service of process * * * on a nonresident defendant out of the District of Columbia," provided the defendant "is shown by affidavit to be a nonresident." [3] But this suit is not within the types to which the Code provision refers, and appellant is not shown to be a nonresident. The sheriff did not claim that he knew appellant or knew where he resided, and offered no underlying facts in support of the assertion that he did not reside in the District of Columbia. Even if the sheriff's affidavit were uncontradicted it would probably be insufficient to show that appellant is a nonresident. It is certainly insufficient to overcome the statement to the contrary in appellees' verified complaint. Appellant's motion to quash service should have been granted. We need not consider whether an appropriate affidavit, in an appropriate suit, might overcome a plaintiff's oath that a defendant is a resident.

Reversed.

[1] D.C.Code, 1940, § 17—101.

[2] Fischer v. Munsey Trust Co., 44 App. D.C. 212; Wise v. Herzog, 72 App.D.C. 335, 114 F.2d 486.

[3] D.C.Code, 1940, § 13—108, 31 Stat. 1206, § 105, as amended, 41 Stat. 556. Such service is given "the same effect * * * as an order of publication duly executed."